

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

IN RE: SOLAFIDE, INC.,  )   CASE NO. SA CV08-618 DOC
                       )
           Debtor,     )   *FINAL*
                       )   [TENTATIVE] O R D E R
                       )   APPROVING SETTLEMENT
_____)

Before the Court is Debtor Solafide, Inc.'s Motion to Approve Settlement of Munhway Broadcasting Corporation Litigation (the "Motion"). After considering the Motion and supporting documentation, the Court hereby APPROVES the settlement and REFERS all remaining matters to the Bankruptcy Court.

## I. BACKGROUND

Debtor, Solafide, Inc. ("Solafide") is a California corporation that sells Asian instant noodles, ramen. Sometime between March 2007 and April 15, 2007, Solafide began selling a "Dae Jang Gum" line of ramen noodles.

Munhwa Broadcasting Corporation, doing business as MBC America, ("MBC") is a Korean television production and broadcasting company. It broadcasts, rents, and sells television dramas, including the very popular "Dae Jang Geum" series, internationally and throughout the United States. The show chronicles the main character, Jang Geum's quest to become head of the Korean Royal Kitchen.

On June 15, 2007, MBC filed suit action for trademark infringement, alleging that

Solafide copied MBC's distinctive Dae Jang Geum Logo and Word Marks on Solafide's ramen packaging. On July 13, 2007, this Court issued a preliminary injunction, prohibiting Solafide from using the Dae Jang Geum marks, representing that its goods were sponsored by MBC, or copying Dae Jang Geum storylines.

Following the preliminary injunction, the litigation continued with MBC seeking a permanent injunction and damages, including attorneys' fees and punitive damages. The Court set a trial date of November 18, 2008. .

On May 8, 2008 Solafide filed for voluntary Chapter 11 bankruptcy. In its Schedules of Assets and Liabilities, Solafide indicated that it had $9,012,837.18 in assets and only $1,379,684.14 in liabilities. The Schedules list the MBC litigation as the only suit pending against Solafide. Thus, excluding liability from this suit, Solafide is solvent by nearly $8 million. On July 21, 2008, MBC filed a proof of claim in the Solafide bankruptcy proceeding. The following day, this Court withdrew the bankruptcy reference pursuant to 28 U.S.C. § 157(d).

The parties settled on August 14, 2008. Under the settlement, MBC will be allowed an unsecured claim of $850,000 against Solafide, which will not be subject to objection, offset or subordination. Further, Solafide agreed to a consent judgment and permanent injunction and an assignment of various trademarks and intellectual property rights to MBC, including trademark applications: 76/670, 563, 76/662, 446, 76/675,405.

## II.   LEGAL STANDARD

Pursuant to Fed. R. Bankr. P. 9019(a), "[o]n motion by the [debtor in possession] and after a hearing on notice . . . the court may approve a compromise or a settlement." In reviewing such motions, compromises are favored and should be approved if they are "fair and equitable for creditors" and in the "best interests of the estate." *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986) ("The law favors compromise and not litigation for its own sake."); *In re Schmitt*, 215 B.R. 417 ("In approving a compromise, a court is to determine whether it is in the best interests of the estate and whether it is fair and equitable for the creditors.") To make this determination the Court must consider the following factors: 1) probability of success in litigation; 2) potential difficulties in collection; 3) likely complexity, expense, delay and

inconvenience of litigation; and 4) interests of creditors and deference to their views. *In re A & C Properties, supra* (citing *In re Flight Transp. Corp. Sec. Litig.*, 730 F.2d 1128, 1135 (8th Cir. 1984)). The "responsibility of the bankruptcy judge, and ours upon review, is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

### III. DISCUSSION

After considering the factors identified in *A & C Properties*, the Court finds that the compromise is fair and equitable to creditors and in the best interests of the estate.

#### 1. Probability of Success in Litigation

Solafide stipulated to infringement. The remaining issues in the case involve willfulness and the proper amount of damages.

MBC has consistently taken the position that Solafide acted willfully. Based on counsel's representations, MBC has fairly credible evidence that Solafide was familiar with MBC's marks before marketing its products, or potentially designed its marks by looking at MBC's marks. This points to a strong likelihood that MBC would prevail. MBC has vigorously pursued this suit, expending considerable resources and causing Solafide to do the same. Finally, as Solafide points out, the upside risk of a judgment for willful infringement is significant.

On the other hand, Solafide has maintained that its infringement was not willfully. It has also vigorously defended the action at significant cost and effort. Further, proving willfulness can be particularly difficult.

All in all MBC has a good, though not certain, chance of prevailing. This is reflected in the relatively large settlement amount, which represents a fair estimate of the high up-side risk and the limited likelihood that Solafide would prevail.

#### 2. Difficulties in Collecting a Judgment

Solafide submits that there would be no difficulty in collecting a judgment.

### 3. Complexity, Expense, Delay and Inconvenience of Litigation

The parties have contentiously litigated this matter for over a year. Significant disputes have arise both as to the preliminary injunction and in discovery. There is nothing to suggest that, if MBC and Solafide continued to litigate the matter, they would be any less contentious in the future. Solafide represents that it has accrued more than half a million dollars in attorneys' fees thus far. In all likelihood, both sides would spend at least as much in pursuing the litigation. The cost of this suit was a primary motivating factor behind Solafide's bankruptcy.

Had they not settled, the parties were planning to attempt a resolution through a mediation with Judge Baird. This could have reduced costs significantly. However, if mediation proved unsuccessful, the matter could have continued for some time, and at significant expense.

The settlement also takes into account the previous and likely future expense incurred in proceeding with this litigation.

### 4. Paramount Interest of Creditors

The proposed compromise protects Solafide's creditors. MBC is Solafide's largest creditor. Accordingly, the fact that MBC willingly entered the compromise demonstrates that it is likely in the best interest of creditors. This decision is entitled to significant deference. Further, according to Solafide's bankruptcy filings, its assets exceed its liabilities by several million dollars excluding the MBC lawsuit. Accordingly, allowing Solafide and MBC to compromise for $850,000 should leave substantial assets either to permit Solafide to stay in business or to distribute among creditors after liquidation.

Additionally, as Solafide points out, creditors have an interest in the amount of recovery as well as the timeliness of that recovery. Accordingly, some concessions on MBC's part are warranted in the interests of resolving the matter quickly. The settlement also reflects the extraordinary cost of continuing to pursue this contentious suit.

### 5. Conclusion

After considering the factors identified in *A & C Properties*, the compromise appears fair and equitable and in the best interests of the estate. Accordingly, the Court hereby APPROVES the Compromise.

1 | Further, pursuant to 28 U.S.C. § 157(a), the Court hereby REFERS all remaining matters
2 | in this action to the Bankruptcy Court.

## IV. DISPOSITION

For the reasons above, the Court hereby APPROVES the compromise and REFERS all remaining matters to the Bankruptcy Court.

IT IS SO ORDERED.

DATED: SEPTEMBER 22, 2008

_____
DAVID O. CARTER
United States District Judge

# NOTICE PARTY SERVICE LIST

**Case No.** SACV08-0618 DOC   **Case Title** Munwha Broadcasting Corporation -V- Solafide Inc.

**Title of Document** ORDER APPROVING SETTLEMENT

| | |
|---|---|
| | ADR |
| | BAP (Bankruptcy Appellate Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | MDL Panel |
| | Ninth Circuit Court of Appeal |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| X | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

**ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name:

Firm:

Address *(include suite or floor)*:

*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

**Initials of Deputy Clerk** kh